FILED
CLERK
5/12/2016 4:56 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JESSE LEE STEWART, JR., #222914,

                       Plaintiff,

        -against-

SUFFOLK COUNTY SHERIFF VINCENT DEMARCO,
SRG. KEVIN DALY, C.O. JOHN DOE #1, C.O. JOHN
DOE #2, LT. MCCAULLEY, JAIL MEDICAL DEPT.,

                     Defendants.
----------------------------------------------------------------------X

**ORDER**
16-CV-01871(JMA)(SIL)

**AZRACK, United States District Judge:**

       On April 11, 2016, incarcerated *pro se* plaintiff Jesse Lee Stewart, Jr. commenced this action against Suffolk County Sheriff Vincent DeMarco, ("Sheriff DeMarco"), Srg. Kevin Daly ("Sgt. Daly"), C.O. John Doe #1, C.O. John Doe #2, Lt. McCaulley, and the "Jail Medical Dept." (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis* (ECF No. 2) and an application seeking "emergency injunctive relief" (ECF No. 4.) Although plaintiff has not filed an order to show cause seeking the entry of a temporary restraining order or a preliminary injunction, plaintiff seeks an "emergency order" directing the Suffolk County Sheriff to place plaintiff "back in a housing unit with video cameras for his safety and well being." (ECF No. 4).

       Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

1

Given the dismissal of the complaint, the application for injunctive relief is denied.

## I. BACKGROUND[1]

Plaintiff's sparse complaint is submitted on the Court's Section 1983 complaint form with an additional three (3) pages of attachments. Plaintiff alleges that, on February 25, 2016 while housed at the Yaphank facility in an area known as B-Block, "excessive force was used and I was assaulted" between the hours of 3:00 p.m. and 5:00 p.m. (Compl. at 7.) According to plaintiff, "video security cam footage exist[s] for said area. . . ." (Id.) Plaintiff also claims that "on the 25th day of February 2016, and several dates that followed the plaintiff was denied proper impartial private medical treatment." (Id.) Plaintiff alleges however that several x-rays were taken and that he is "now on medication." (Comp. ¶ IV.A.) As a result of the foregoing, plaintiff claims to have suffered "compound fractures/nerve damage" and injury to his wrist as well as headaches. (Id.) For relief, plaintiff seeks to recover an award of $1 million "in monetary damages and whatever this Court see[s] fit for diciplanary [sic]." (Compl. ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual

3

allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, *i.e.*, acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015) (per curiam) (internal quotation marks and citation omitted); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

Here, as is readily apparent, plaintiff's complaint does not allege a plausible Section 1983 claim against any defendant. Plaintiff's wholly conclusory allegations do not attribute any actions or omissions to any of the defendants. Indeed, apart from the caption, none of the defendants is again mentioned in the complaint. Because "each defendant must have been

4

personally involved in the alleged constitutional violation" in order to be held liable under Section 1983, Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987), plaintiff's Section 1983 claims against the defendants are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1). See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (complaint based upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law."). Given the dismissal of the complaint, plaintiff's claims do not have any likelihood of success and thus his request for injunctive relief is denied.

## III. Leave to Amend

Given the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, and in an abundance of caution, the Court grants plaintiff leave to file an amended complaint. Plaintiff is advised that an amended complaint does not simply add to the original. Rather an amended complaint completely replaces the original complaint and therefore it is important for plaintiff to include all necessary information that was in the first complaint in the amended complaint. **The amended complaint must be captioned as an "Amended Complaint", bear the same docket number as this Order, 16-CV-1871, and shall be filed within thirty (30) days from the date of this Order.** No summonses shall issue at this time. If plaintiff files an amended complaint within the time allowed, the Court will review it pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). If plaintiff fails to timely file an amended complaint,

5

the complaint shall be dismissed, judgment shall enter and the case will be closed.

**IV.     Conclusion**

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but his Section 1983 claims are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).   Given the dismissal of the complaint, plaintiff's request for injunctive relief is denied.  **Plaintiff is granted leave to file an amended complaint in accordance with this order within thirty (30) days from the date of this Order.**   If plaintiff fails to timely file an amended complaint, the complaint shall be dismissed, judgment shall enter and the case will be closed.   The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                     /s/ JMA
                                                                     Joan M. Azrack
Dated:   May 12, 2016                              United States District Judge
             Central Islip, New York