UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JESSE LEE STEWART, JR., #222914,

                        Plaintiff,

                -against-

SUFFOLK COUNTY SHERIFF VINCENT DEMARCO,
SRG. KEVIN DALY, C.O. JOHN DOE #1, C.O. JOHN
DOE #2, LT. MCCAULLEY, JAIL MEDICAL DEPT.,

                      Defendants.
----------------------------------------------------------------------X

**ORDER**
16-CV-01871(JMA)(SIL)

**AZRACK, District Judge:**

By Order dated May 12, 2016 (the "Order"), the Court granted the application of incarcerated *pro se* plaintiff Jesse Lee Stewart, Jr. ("plaintiff") to proceed *in forma pauperis* and *sua sponte* dismissed his complaint against Suffolk County Sheriff Vincent DeMarco, ("Sheriff DeMarco"), Srg. Kevin Daly ("Sgt. Daly"), C.O. John Doe #1, C.O. John Doe #2, Lt. McCaulley, and the "Jail Medical Dept." (collectively, "defendants"). Plaintiff was granted leave to file an amended complaint within thirty (30) days from the date of the Order.

On May 19, 2016, plaintiff filed a "complaint" against the same defendants[1], and, on May 20, 2016, plaintiff re-filed the May 19th submission but changed the heading to read "amended complaint." (*See* Docket Entry Nos. 8-9.) Also on May 20, 2016, plaintiff filed a two-page document entitled "Emergency Motion for Preliminary Injunction" that is dated April 7, 2016, and seeks an order directing that the "plaintiff be placed back in a housing unit with video cameras for his safety and well being." (*See* Docket Entry No. 10 at 2.) By letter dated September 3, 2016, plaintiff notified the Court that he has been transferred to Downstate Correctional Facility. (*See*

---

[1] The Court notes that plaintiff changed the spelling of Lt. McCaulley's name to "McCauley (Mc-call-ee) in the caption of the amended complaint. For clarity, the Court will continue to spell this defendant's name as it appeared in the original complaint, McCaulley.

1

Docket Entry No. 11.) In addition, on September 21, 2016, plaintiff filed a motion to withdraw his application for a preliminary injunction. (*See* Docket Entry No. 12.) Plaintiff's motion to withdraw his application for a preliminary injunction is GRANTED.

Upon review of the amended complaint, plaintiff's claims against Sheriff DeMarco and the Jail Medical Department are *sua sponte* dismissed with prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Sgt. Daly, Lt. McCaulley, CO Doe #1 and CO Doe #2 shall proceed and the Court orders service of the summonses and amended complaint upon these defendants by the United States Marshal Service (USMS).

## I. The Amended Complaint[2]

Plaintiff's amended complaint alleges that, while housed at the Yaphank Jail, he was assaulted by Sgt. Daly and two "John Doe" corrections officers on February 25, 2016, following a search of his cell. Plaintiff contends that although no contraband was found in his cell, the officers kicked and punched him and "bent [his] wrist in a martial art submissive technique." (Am. Compl. at 3.) According to plaintiff, the John Doe officers jumped on plaintiff's back and Sgt. Daly smashed plaintiff's head into the ground. (*Id.*) Plaintiff claims that he was then brought down a flight of stairs where a lieutenant, presumably Lt. McCaulley, was waiting with a restraint chair. (*Id*. at 4.) Plaintiff alleges that he was then strapped to the chair and "a 'mask' was placed over my face although no spitting occurred." (*Id.*) Plaintiff claims that he was then "given a false misbehavior report and sent to Housing Unit 2-South." (*Id*.) As a result of the alleged assault, plaintiff claims to have suffered a "compound fracture right wrist right thumb and arm, n[eu]rolog[ical] damage, muscle and nerve, los[s] of feeling and damage." (*Id*. at 5.)

---

[2]All material allegations in the amended complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, N.Y., 148 F. 3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

2

Plaintiff alleges to have been seen by a doctor on May 5, 2016 and that an MRI was taken on May 13, 2016. (*Id.*)

## II. DISCUSSION

### A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint or amended complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court is required to dismiss the action as soon as it makes such a determination.

It is axiomatic that district courts are required to read *pro se* complaints liberally and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Sec. (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013); see also Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015). Moreover, at this stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)); see also Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (in considering dismissal pursuant to § 1915A, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor").

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

3

678 (citations omitted). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

### B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Milan v. Wertheimer, 808 F.3d 961, 964 (2015) (internal quotation and citation omitted); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. Cnty. of Oneida, 375 F.3d 206, 229 (2d Cir. 2004); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983."). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Claim Against the Jail Medical Department

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.'" Gelsomino v. Medical and Psych. Dept. at Suffolk Cnty. Corr. Fac., 13-CV-1433, 2013 WL 2285756, *3 (E.D.N.Y. May 20, 2013) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010). Since the Jail Medical Department is an administrative arm of the County of Suffolk, it lacks the capacity to be sued. See, e.g., Wiggins v. Suffolk Cnty. Corr. Fac., No. 13-CV-0569, 2013 WL 1833260, at *4 (E.D.N.Y. May 1, 2013) (SCCF and SCCF Medical Unit). Accordingly, the amended complaint is dismissed in its entirety with prejudice as against the Jail Medical Department. Given plaintiff's *pro se* status, and affording the amended complaint a liberal construction, the Court next considers whether plaintiff has alleged a plausible Section 1983 claim when construed as against the municipality, Suffolk County. For the reasons that follow, he has not.

### a. Municipal Liability

A municipality, such as Suffolk County, can only be held liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." Id.; see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 562 U.S. 29, 29 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., solely because it employs a

tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 563 U.S. at 60-61 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. Cnty. of Erie, 654 F.3d 324, 334 (2d Cir. 2011). A municipal policy or custom can be established through proof of a formal policy endorsed by the municipality, actions taken by policymaking officials with decision-making authority, or "practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61; see also Patterson, 375 F.3d at 226. In addition, municipal liability may be established by showing that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334; see also Jones, 691 F.3d at 81 (plaintiff may "prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them."). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" Connick, 563 U.S. at 61 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely negligent." Jones, 691 F.3d at 81; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See, e.g., Bolden v. Cnty. of Sullivan, 523 F. App'x 832, 834 (2d Cir. 2013) (summary order) (affirming dismissal where plaintiffs "failed to allege, beyond conclusory statements in their complaint, any unlawful municipal policy or custom."); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (noting that "the mere assertion . . . that a municipality has . . . a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ." (quotation marks, alterations and citation omitted)). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); accord Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

Here, the amended complaint is devoid of any factual allegations from which it may reasonably be inferred that a municipal policy or custom caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which is officially endorsed by Suffolk County; (2) actions taken or decisions made by Suffolk County policymaking officials which caused the alleged violation of his civil rights; (3) a Suffolk County practice so persistent and widespread as to practically have the force of law; or (4) a failure by Suffolk County policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Thus, the amended complaint also fails to state a plausible Section 1983 claim against Suffolk County.

### 2. Claim Against Sheriff DeMarco

As noted above, a plausible Section 1983 claim must allege that the defendant was personally involved in the alleged constitutional deprivation. See supra at 4-5; see also Raspardo

7

v. Carlone, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant."); Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation omitted)).

"Personal involvement" may be established by evidence of direct participation in the challenged conduct, i.e., that the supervisory official "commit[ted] the acts personally" or "authorize[d], order[ed], or help[ed] others to do the unlawful acts," Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014), cert. denied, 2015 WL 1757185 (Apr. 20, 2015), or by evidence of the supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). "In addition to satisfying one of th[o]se requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." Raspardo, 770 F.3d at 116. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977)); see also Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004).

Here, although plaintiff names Sheriff DeMarco in the caption of the amended complaint, he is not again mentioned in the body of the amended complaint and there are thus no factual

allegations of conduct or inaction attributable to Sheriff DeMarco. Nor has plaintiff alleged any basis upon which to find Sheriff DeMarco liable in a supervisory capacity. Given the total absence of factual allegations suggesting that Sheriff DeMarco was involved in violating the plaintiff's constitutional rights, plaintiff's Section 1983 claim against Sheriff DeMarco is implausible and is thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 3. Claims Against Sgt. Daly, Lt. McCaulley, C.O. Doe #1 and C.O. Doe #2

Plaintiff's claims against Sgt. Daly, Lt. McCaulley, C.O. Doe #1 and C.O. Doe #2 shall proceed and the Court orders service of the summonses and amended complaint upon these defendants by the USMS. However, the USMS will not be able to serve the unidentified defendants without more information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Clerk of the Court shall serve copies of the amended complaint and this order upon the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants allegedly involved in the incident described in the amended complaint and provide such information to the Court and plaintiff within thirty (30) days from the date that this Order is served upon him. Once the information is provided to the Court by the Suffolk County Attorney, plaintiff's amended complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the amended complaint, and this order upon those defendants.

**IV. Conclusion**

Plaintiff's motion to withdraw his application for a preliminary injunction is GRANTED. For the reasons set forth above, the amended complaint is *sua sponte* dismissed with prejudice as against the Jail Medical Department and Sheriff DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Sgt. Daly, Lt. McCaulley, C.O. Doe #1 and C.O. Doe #2 shall proceed and the USMS is ordered to serve these defendants with summonses and the amended complaint.

The Clerk of the Court shall also serve a copy of the amended complaint and this order on the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants described in the amended complaint and provide that information to the Court and plaintiff within thirty (30) days from the date that this Order is served upon him. Once the information is provided to the Court by the Suffolk County Attorney, plaintiff's amended complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the amended complaint, this Order upon those defendants. In addition, the Clerk of the Court shall: (1) forward copies of the summonses, the amended complaint, and this order to the USMS for service upon Sgt. Daly and Lt. McCauley; and (2) serve plaintiff with notice of entry of this order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service upon the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**                                                            _____
                                                                                             Joan M. Azrack
Dated:   November 29, 2016                                      United States District Judge
            Central Islip, New York