```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSE L. STEWART,

                          Plaintiff,

            -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERRIFF'S DEPARTMENT, SGT. KEVIN DALY,
CORRECTIONS OFFICER ANDREW LETO, SHIELD
NO. 850., CORRECTIONS OFFICER THOMAS
SALADINO SHIELD NO. 1207 and CORRECTIONS
OFFICER THOMAS WILLIAMS, SHIELD NO. 756,

                          Defendants.
----------------------------------------------------------------X
```

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-1871 (JMA)(SIL)

FILED
CLERK
4/20/2020 8:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Jesse L. Stewart commenced this action pursuant to 42 U.S.C. § 1983 against Defendants.[1]  Plaintiff alleges that while he was detained at the Yaphank Correctional Facility, the Individual Defendants used excessive force against him and showed a depraved indifference to his safety, well-being, and security.  On November 21, 2018, this Court granted Defendants' motion for summary judgment and dismissed the case because Plaintiff failed to exhaust the administrative remedies available to him as required by the PLRA prior to filing this suit.  Stewart v. Cty. of Suffolk, No. 16-CV-1871, 2018 WL 6079966 (E.D.N.Y. Nov. 21, 2018), aff'd sub nom. Stewart v. Suffolk Cty. Sheriff's Office, 792 F. App'x 136 (2d Cir. 2020).  Plaintiff, who was represented by counsel when he opposed Defendants' motion, appealed the Court's decision pro se.  (See ECF No. 45.)  The Second Circuit affirmed the judgment dismissing this action by summary order dated February 5, 2020.  Following the Second Circuit's decision, Plaintiff, still proceeding pro se, filed a motion for reconsideration before the undersigned.  (ECF Nos. 47, 48.)

---

[1]  The definitions adopted by the Court in its November 21, 2018 Memorandum and Order, (ECF No. 43), retain the same meaning herein.

Plaintiff argues that the Court should reconsider its November 21, 2018 Memorandum and Order and reopen this case because he has "newly discovered evidence . . . that [he] would not have been able to obtain any form of relief from the defendants['] grievance process." (ECF No. 47.) Accordingly, the Court construes Plaintiff's request as a motion for reconsideration and to reopen this action pursuant to Fed. R. Civ. P. 60(b)(2).[2] However, Plaintiff's motion must be denied as untimely. A motion made pursuant to Rule 60(b) on the basis of newly discovered evidence "must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Judgment entered in this case on November 26, 2018, well over a year ago.

Even if it was not untimely, Plaintiff's motion is meritless. The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The standard is strict—"[a] motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Plaintiff has not met this high standard.

Plaintiff argues that the Court should reconsider its decision dismissing this case based on Plaintiff's failure to exhaust because the Inmate Grievance Program operates as a "dead end" pursuant to Ross v. Blake, 136 S. Ct. 1850 (2016), and thus was not an administrative remedy

---

[2] A general motion for reconsideration would be clearly untimely pursuant to Local Rule 6.3 which directs parties to move for "reconsideration or reargument of a court order determining a motion . . . within fourteen (14) days after the entry of the court's determination of the original motion." Local Civ. R. 6.3. It similarly could not be construed as a motion under Federal Rule of Civil Procedure 59, because such a motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"available" to him.³ (See ECF No. 48.) The Court addressed the Ross exceptions to exhaustion when it granted Defendants' motion for summary judgment and held that "based on the record before the Court, the Inmate Grievance Program does not operate 'as a simple dead end,' and is not 'so opaque that it [is], practically speaking, incapable of use.'" Stewart, 2018 WL 6079966, at *3 (quoting Ross, 136 S. Ct. at 1859). Contrary to his claim, Plaintiff has not introduced any newly discovered evidence that requires reconsideration of this finding. Indeed, all the exhibits attached to Plaintiff's motion for reconsideration were included in his opposition papers and duly considered by the Court in 2018. (See ECF Nos. 42, 48.) Thus, this evidence is plainly not "newly discovered." Moreover, as found by the Court in 2018, and reaffirmed now, nothing in the record (including the documents highlighted by Plaintiff) demonstrates that the Inmate Grievance Program operates as the type of dead end described by Ross that would excuse Plaintiff from the PLRA's exhaustion requirement.

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his last known address.

**SO ORDERED.**

Dated: April 20, 2020
       Central Islip, New York

/s/  (JMA)
Joan M. Azrack
United States District Judge

---

³ The Supreme Court in Ross identified three scenarios in which a prison administrative procedure is "unavailable" for purposes of the PLRA's exhaustion requirement, and thus not "capable of use." 136 S. Ct. at 1859. A prisoner's failure to exhaust is excused when: (1) the grievance procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859–60.